WESTERN DISTRICT OF TN

FILED IN OPEN COURT:

DATE: _4-19-22_

TIME: _11:00 Am_

INITIALS: _TMB_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cr-10089-STA |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD DONNAIL WISEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

# PLEA AGREEMENT

Come now the parties herein, the defendant, Reginald Donnail Wiseman, being represented by counsel, Gregory Gookin, Counsel for Defendant, and the United States, being represented by Hillary Lawler Parham, Assistant United States Attorney for the Western District of Tennessee and hereby agree as follows:

1.     The defendant agrees to plead guilty to Count 1 of the indictment because he is in fact guilty of the offenses.

2.     Count 1 of the Indictment charges the defendant with possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

   a. The penalty for this offense is a term of imprisonment of not less than 5 years, no more than 40 years, a fine of not more than $1,000,000, or both, and a term of supervised release of no more than 3 years. There is also a special assessment of $100.00.

3.     The defendant enters this agreement and is pleading guilty freely, knowingly, and voluntarily, and upon the advice of counsel.

1

4.    The defendant understands there is a $100.00 special assessment and agrees to pay this prior to sentencing.

5.    There is no agreement as to the defendant's criminal history.

*GG RW HMP him*

6.    Any statement made in the course of the plea colloquy may be used against ~~her~~ him in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

## CONCESSIONS BY THE GOVERNMENT

7.    The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, providing the defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment. However, the defendant understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw his guilty plea or to appeal his sentence.

## BREACH OF PLEA AGREEMENT BY THE DEFENDANT

8.    Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not

release the defendant from this plea of guilty.

## WAIVER OF APPEAL AND 2255 ACTIONS

9.     The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

10.     The defendant understands that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

3

United States v. Reginald D. Wiseman
Attachment A

The Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One of the Indictment. The Defendant agrees and stipulates as part of this plea agreement that had this case been prosecuted at trial, the United States would have offered evidence to prove the following facts and those facts establish his guilt beyond a reasonable doubt:

On or about August 17, 2020, Jereme Whitaker with the Paris Police Department utilized a reliable confidential informant to purchase "an 8-ball" of methamphetamine from the defendant in a hotel room at the Parris Inns and Suites. After the purchase, the officer obtained a search warrant from Judge Snyder, Juvenile Judge of Henry County, Tennessee. During the execution of the search warrant, officers recovered 178.5 grams of suspected methamphetamine from the hotel room Ms. Wiseman was occupying.

The suspected methamphetamine was tested by the Tennessee Bureau of Investigation and determined to contain a mixture and substance containing methamphetamine with a weight of 178.5 grams.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the Defendant's plea of guilty. The statement of fact does not contain each and every fact known to the Defendant and to the United States concerning the Defendant's and/or others' conduct or other matters.


_____
Reginald D. Wiseman
Defendant

_____
Gregory Gookin
Attorney for Defendant

Date: 4-19-2022

1

11.    By signing this agreement, the defendant affirms that he is satisfied with his lawyer's counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The defendant understands that this writing constitutes the entire plea agreement between the parties with respect to the plea of guilty. No other additional promises, representations, or inducements, other than those referenced in this plea agreement, have been made to the defendant or to the defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

Respectfully submitted,

JOSEPH C. MURPHY
United States Attorney

_____
Hillary Lawler Parham
Assistant United States Attorney
109 South Highland Ave, Suite 300
Jackson, Tennessee 38301
(731) 422-6220

4-19-2022
_____
Date

_____
Gregory Gookin
Counsel for Defendant

4-19-2022
_____
Date

_____
Reginald Donnail Wiseman
Defendant

4-19-2022
_____
Date

4